COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                      SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.

JANE DOE,
Plaintiff

V.                                                **PLAINTIFF'S COMPLAINT WITH
                                                  JURY CLAIM**

TOWN OF WAREHAM, WAREHAM PUBLIC
SCHOOLS, AND MICHAEL MIRANDA,
Defendants

Plaintiff Jane Doe ("Doe") brings this action against Defendants Town of Wareham, Wareham Public Schools, and Michael Miranda, and states as follows:

PARTIES

1.    Plaintiff Jane Doe is a resident of Massachusetts. At all relevant times, she was a minor and a student at Wareham High School in Wareham, Plymouth County, Massachusetts.

2.    Defendant Town of Wareham is a Massachusetts municipality operating Wareham Public Schools, including Wareham High School, and receives federal financial assistance.

3.    Defendant Wareham Public Schools is the public school district operated by the Town of Wareham and receives federal funding.

4.    Defendant Michael Miranda was, at all relevant times, employed as a custodian at Wareham High School and was acting under color of state law. He is sued in his individual capacity.

JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiff's federal claims pursuant to G.L. c. 212, § 4 and the Supremacy Clause of the United States Constitution.

6.    This Court has jurisdiction over Plaintiff's state law claims pursuant to G.L. c. 212, § 4.

7.    Venue is proper in Plymouth County because the events giving rise to this action occurred in Wareham, Massachusetts.

<u>FACTS</u>

8.    On March 2, 2023, Plaintiff was attending Drama Club, an after-school, school-sponsored activity at Wareham High School.

9.    Defendant Miranda was present in the building in his capacity as a school custodian.

10.    During the course of that afternoon, Miranda approached Plaintiff.

11.    Miranda placed his arm around Plaintiff's waist and moved his hand upward.

12.    Miranda's hand made contact with the underwire section of Plaintiff's bra and breast area.

13.    The touching was intentional, sexual in nature, and without Plaintiff's consent.

14.    Plaintiff was a minor at the time of the incident.

15.    Miranda was significantly older than Plaintiff and held a position of authority and trust as a school employee.

16.    Miranda's conduct was objectively offensive and abusive.

17.    As a result of this sexual touching, Plaintiff suffered humiliation, emotional distress, and psychological injury.

18.    Prior to March 2, 2023, there were allegations that Miranda had made inappropriate comments to female students.

19.    Prior to March 2, 2023, there were allegations that Miranda had engaged in inappropriate physical contact with students.

20.    Upon information and belief, administrators and supervisory personnel within Wareham Public Schools were aware of prior complaints or concerns regarding Miranda's conduct toward students.

21.    Upon information and belief, those complaints were not properly investigated or were inadequately addressed.

22.    Upon information and belief, Miranda was permitted to continue working in close proximity to students despite known risks.

23.    Defendants failed to implement reasonable safeguards, monitoring, or corrective measures to protect students from foreseeable sexual misconduct.

24.    Defendants' failure to act despite known risks constituted deliberate indifference to the

safety and constitutional rights of students, including Plaintiff.

## COUNT I
Title IX – Sexual Harassment / Deliberate Indifference
Against Town of Wareham and Wareham Public Schools

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26. Defendants receive federal financial assistance and are subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

27. Miranda's sexual touching of Plaintiff constituted sexual harassment that was severe and objectively offensive.

28. The harassment deprived Plaintiff of equal access to educational opportunities and benefits.

29. An appropriate person with authority to take corrective action had actual knowledge of prior allegations of sexual misconduct by Miranda.

30. Defendants responded with deliberate indifference to known risks posed by Miranda.

31. The deliberate indifference of Defendants caused Plaintiff to be subjected to sexual harassment and abuse.

32. As a direct and proximate result, Plaintiff suffered damages.

## COUNT II
42 U.S.C. § 1983 – Violation of Substantive Due Process (Bodily Integrity)
Against Michael Miranda

33. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34. Miranda was acting under color of state law at all relevant times.

35. Plaintiff possessed a clearly established constitutional right to bodily integrity under the Fourteenth Amendment.

36. Miranda's intentional sexual touching of a minor student shocks the conscience.

37. Miranda's conduct deprived Plaintiff of her substantive due process rights.

38. Plaintiff suffered damages as a direct result.

## COUNT III
### 42 U.S.C. § 1983 – Municipal Liability
### Against Town of Wareham and Wareham Public Schools

39.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40.   Defendants maintained customs, policies, or practices demonstrating deliberate indifference to sexual misconduct by school employees.

41.   Defendants failed to adequately investigate prior complaints against Miranda.

42.   Defendants failed to properly train and supervise employees regarding appropriate boundaries with students.

43.   Defendants' deliberate indifference to known risks was the moving force behind the constitutional violation suffered by Plaintiff.

44.   Plaintiff suffered damages as a direct and proximate result.

## COUNT IV
### Massachusetts Civil Rights Act
### G.L. c. 12, §§ 11H–11I
### Against All Defendants

45.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46.   Plaintiff had secured rights under the Constitution and laws of the United States and the Commonwealth of Massachusetts, including the right to bodily integrity and freedom from sexual abuse.

47.   Defendants interfered with those rights by means of threats, intimidation, or coercion, including abuse of authority and the inherent coercive power imbalance between a school employee and a minor student.

48.   Plaintiff suffered damages as a result.

## COUNT V
### Assault and Battery
### Against Michael Miranda

49.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.   Miranda intentionally and offensively touched Plaintiff without consent.

51.   The touching was harmful and sexual in nature.

52.     Plaintiff suffered damages as a result.

COUNT VI
Intentional Infliction of Emotional Distress
Against Michael Miranda

53.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

54.     Miranda's conduct was extreme and outrageous.

55.     Miranda intended to cause, or recklessly disregarded the likelihood of causing, severe emotional distress.

56.     Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff Jane Doe requests that this Court enter judgment in her favor and award:

A. Compensatory damages;
B. Punitive damages against Defendant Miranda;
C. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Title IX;
D. Such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,
The Plaintiff,
By Counsel,

Thomas E. Flaws, Esq.
BBO #661179
Altman Nussbaum Shunnarah
44 School Street, 6th Floor
Boston, MA 02108
Phone: 857.239.8161
Fax:    857.453.4558
tflaws@anslawyers.com